## Case No. 12,718.

### SHAW v. COLLYER.

[4 Blatchf. 370; [1] 18 How. Pr. 238; 42 Hunt, Mer. Mag. 69.]

Circuit Court, S. D. New York. Oct. 1, 1859.

TRIAL—ADMIRALTY—REFERENCE TO COMMISSIONER.

On the hearing, on a libel in personam, the district court heard sufficient evidence to show that the principal question was as to the amount due by the respondent, as owner of a vessel, to the libellant, as its master, for wages, and then, instead of taking further testimony in open court, referred it to a commissioner to take proofs as to the nature, extent and value of the service, and as to credits for payments: *Held,* that the practice was proper, as not prejudicing the rights of the respondent and saving the time of the court ··       ·.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in personam, filed in the district court, to recover wages due to the libellant [Albert E. Shaw] as master of a vessel owned by the respondent [Thomas Collyer]. The district court, at the hearing of the cause, heard sufficient evidence to show that the libellant had, as master of the vessel, been in the employ of the respondent, and that the principal question was as to the amount due for the service, if any, and referred it to a commissioner to take proofs as to the nature, extent, and value of the service, and as to the payments made, or other deductions to be allowed, if any, and report thereon. The case was heard, accordingly, before the commissioner, and a balance was reported in favor of the libellant, of $334.74, which report was subsequently confirmed by the district court, and a decree was entered for that amount against the respondent [case unreported], who then appealed to this court.

Welcome R. Beebe, for libellant.

Dennis McMahon, for respondent.

NELSON, Circuit Justice. It is objected, that the court erred in referring the cause to a commissioner, instead of taking the testimony in open court; but I cannot perceive any foundation for this objection. The court had ascertained, from the hearing before it, that the main questions in controversy were in respect to the accounts between the parties, as master and owner of the vessel, and very proper, therefore, to be referred to and heard by a commissioner. The rights of the respondent were not prejudiced, as the whole case could afterwards be presented to the court upon the proofs, and exceptions to the commissioner's report; and much of the valuable time of the court was saved by the reference. Decree affirmed.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]